UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 07-22266-CIV COOKE/BROWN

INGRID LOVE,

    *Plaintiff*,

v.

NORTHERN TOOL
& EQUIPMENT CO., INC.,

    *Defendant*.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

**THIS CAUSE** is before the Court upon *sua sponte* review of the Complaint, and now the Plaintiff's Motion to Remand [DE 4], filed August 30, 2007. The Court having reviewed the file and being advised fully in the premises finds, for the reasons set forth below, that this matter should be remanded to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

### I. BACKGROUND

This case was removed to this Court on August 29, 2007. In its Notice of Removal, the Defendant asserted only diversity jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1446.[1] See Notice of Removal. In that same Notice, however, the Defendant admitted that the "Complaint is silent as to damages sought," but went on to state, nonetheless, that "it is clear that the amount in controversy exceeds the jurisdictional threshold of $75,000.00." Id. at ¶ 5. Examining the Complaint, the Court was left to wonder where the Defendant found justification for its

---

[1] The Plaintiff asserts no federal claims.

presumptuous claim.

## II. REMOVAL STANDARD

In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists. Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1281 (11th Cir. 2001). Removal is permitted only where the case could have been filed in federal court originally. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir.1994). Where the removing party asserts federal question jurisdiction, it must appear on the face of the plaintiff's properly pleaded complaint that a federal question is presented. Dunlap v. G & L Holding Group, Inc., 381 F.3d 1285, 1290 (11th Cir.2004). The removal statute itself is construed narrowly with doubt construed against removal. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107-09 (1941). A strict construction of the removal statute prevents "exposing the plaintiff to the possibility that they may win a final judgment in federal court, only to have it determined that the court lacked jurisdiction." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir.1997).

## III. REMOVAL WAS IMPROPER

When this case first arrived, the Court was immediately bewildered by the Defendant's basis for removal. Even an exaggerated reading of the Complaint did not suggest that over $75,000.00 was at issue. Then came the Plaintiff's Motion to Remand. Sure enough, it confirmed that the "Plaintiff's economic damages to date is [sic] ... about $21,000.00." Consequently, the Court lacks subject matter jurisdiction here, and thus, shall remand the case to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Accordingly, it is hereby

ORDERED AND ADJUDGED as follows:

1. Plaintiff's Motion to Remand is GRANTED.

2. Pursuant to 28 U.S.C. § 1447(c) this matter is REMANDED to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

3. This Court retains jurisdiction for the limited purpose of ruling upon Plaintiff's request for attorney fees associated with the improper removal. See Seraphin v. Parapella, No. 07-60155, 2007 WL 1455971 at * 4 (S.D. Fla. May 16, 2007) (citing Bryant v. Britt, 420 F.3d 161, 166 (2d Cir.2005); Wisconsin v. Hotline Indus., Inc., 236 F.3d 363, 365 (7th Cir.2000); Stallworth v. Greater Cleveland Reg'l Trans. Auth., 105 F.3d 252, 255-57 (6th Cir.1997); Mints v. Educ. Testing Serv., 99 F.3d 1253, 1258-59 (3d Cir.1996); Moore v. Permanente Med. Group, 981 F.2d 443, 445 (9th Cir.1992)).

4. The Clerk is directed to CLOSE this case.

DONE AND ORDERED in Chambers at Miami, Florida, this 31st day of August, 2007.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

*Copies furnished to:*

*All Counsel of Record*